Chester Blakemore Executive Director Department of Highway Safety and Motor Vehicles Tallahassee
QUESTIONS:
1. Are a nonresident serviceman and his wife, children, and other members of his family, if any, stationed in Florida in compliance with military orders, exempt from having to obtain a Florida Driver's License under the provisions of Ch. 322, F. S., provided said nonresidents have in their possession valid driver's licenses issued to them in their home state?
2. When a nonresident person in the military service, stationed in Florida, accepts employment in Florida in addition to his normal military duties or places his children in the public schools, are the military person and his wife and children required to obtain Florida driver's licenses?
3. If the spouse or family of a nonresident person in the military service, stationed in Florida, accepts employment in Florida is the spouse or family of the military person required to obtain Florida Driver's licenses?
4. If military service personnel stationed in Florida and their spouses and children are subject to Florida driver's license statutes what license fees, if any, are they required to pay?
SUMMARY:
A nonresident serviceman and members of his family, stationed in Florida in compliance with military orders, are exempt from having to obtain Florida driver's licenses provided said nonresidents have in their possession valid driver's licenses issued to them in their home state. This exemption is not applicable when the serviceman accepts other employment or places his children in a Florida public school. Those nonresident servicemen or members of their families required to obtain driver's licenses must pay the license fees as set forth in s. 322.21, F. S.
AS TO QUESTION 1:
Your first question is answered in the affirmative. Section322.03(1), F. S., provides that no person, except those expressly exempted by other provisions of Ch. 322, F. S., shall drive upon the state highways without a valid Florida driver's license. Section 322.04(1)(c), F. S., specifically provides an exemption for the following class of persons:
 A nonresident who is at least 16 years of age and who has in his immediate possession a valid operator's license issued to him in his home state or country, may operate a motor vehicle in this state only as an operator.
Therefore, nonresident servicemen and their family members need not obtain a driver's license to operate a motor vehicle in the state, provided they possess valid operator's licenses from their home state.
AS TO QUESTIONS 2 AND 3:
As these questions are interrelated, they will be answered together.
By accepting nonmilitary employment in Florida or placing his children in public schools, the nonresident person in military service and his family become subject to the driver licensing provisions of Ch. 322, F. S., when they operate a motor vehicle on the highways of the state. Section 322.031, F. S., provides:
 In every case in which a nonresident, except a nonresident migrant farm worker as defined in s. 316.003(62), accepts employment or engages in any trade, profession, or occupation in the state or enters his children to be educated in the public schools of the state, such nonresident shall, within 30 days after the commencement of such employment or education, be required to make application for his driver's license if he operates a motor vehicle on the highways of the state.
Additionally, s. 322.04(2), F. S., expressly states:
 The provisions of this section shall not apply to the nonresident, except nonresident migrant farm workers as defined in s. 316.003(62), who shall accept employment or enter his children to be educated in the public schools of this state, or a child of such nonresident who is at least 16 years of age, but in such case or cases such nonresident, except nonresident migrant farm workers as heretofore defined, or child of the nonresident shall be required to obtain a driver's license in the same manner as is required of residents of the state before such nonresidents or children shall be permitted to operate any motor vehicle on the highways of the state.
However, it should be noted that the military person operating a motor vehicle owned by or leased to the United States Government and being operated on official business is not required to possess a Florida driver's license. See s. 322.04(1)(a), F. S.
AS TO QUESTION 4:
Military service personnel stationed in Florida and their spouses and children, if statutorily required to obtain driver's licenses, are obligated to pay the same fees as all other drivers as set forth in s. 322.21, F. S.
Your letter specifically makes reference to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended (50 U.S.C.A. App. s. 574). Said federal statute grants to nonresident servicemen immunity from state personal property taxation. Section 574(2)(b) of the federal act defines the term `taxation,' as applicable to the question presented, as including, but not limited to, the following:
 Licenses, fees, or excises imposed in respect to motor vehicles or the use thereof: Provided that the license, fee, or excise required by the State, Territory, possession, or District of Columbia of which the person is a resident or in which he is domiciled has been paid.
The immunity applies to those taxes on the use of property which are imposed by all states on the use of motor vehicles through a registration fee, similar to an ad valorem tax on property. It does not apply to payment of licenses or taxes which are in the nature of excise or privilege taxes. See Sullivan v. United States, 395 U.S. 169 (1969); California v. Buzard, 382 U.S. 386
(1966).
The immunity, therefore, does not apply to the driver's license fees in s. 322.21, F. S., which fees are not based upon ownership of property and would not appear to be aimed at increasing the general revenues but which are essential to the functioning of the state's licensing and registration law.
Prepared by: Joseph W. Lawrence II, Assistant Attorney General